### VOSPER v. MONKASH.

(Supreme Court, Appellate Term. March 21, 1911.)

1. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

> If the answers of the judgment debtor in his examination in supplementary proceedings were contradictory and evasive, because of his inability to read and to understand the questions, the justice properly refused to punish him for contempt in refusing to answer them.

> [Ed. Note.—For other cases, see Execution, Dec. Dig. § 417.*]

---

2. EXECUTION (§ 405*)—SUPPLEMENTARY PROCEEDINGS—RECEIVER.

A judgment debtor testified in supplementary proceedings that he had some machines for the price of which he had given notes, a balance on which was yet due, and that under the contract of sale the seller had the right to take the machines for nonpayment of the notes. *Held*, that it was probable that the judgment debtor had some property in the machines, so that a receiver should be appointed.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 405.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by John Vosper against Jacob Monkash. From an order denying a motion to issue an attachment for contempt against defendant, and denying a motion for the appointment of a receiver, the judgment creditor appeals. Reversed, and motion granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Nathan L. Spitalsky, for appellant.
Louis Lande, for respondent.

LEHMAN, J. The judgment debtor has been examined in supplementary proceedings, and thereafter the judgment creditor made a motion to punish him for contempt, in that his answers were evasive, contradictory, and contumacious, and a motion to appoint a receiver of his property. The justice sitting in Special Term denied both motions.

[1] I think that the denial of the motion to punish for contempt was proper, and should be affirmed, with $10 costs and disbursements. There is very grave doubt in my mind as to whether or not the debtor has answered the questions truly; but the motion is made upon the theory that his answers are so contradictory and evasive as to constitute practically a contumacious refusal to answer. The debtor meets this issue by showing that he cannot read, that in so far as the answers are contradictory and evasive this fact proceeds from his failure to understand the questions, and then offers to submit to further examination on these points. The justice could reasonably believe this explanation, and, believing it, he correctly refused to hold that the debtor was contumacious.

[2] I believe, however, that the creditor was entitled to an order appointing a receiver. The debtor's examination shows that he owns some machines. His explanation is that this property was purchased by him several years ago, that he gave notes for the price, and that the notes were not regularly paid, so that some balance is still due, and under the contract of sale the owner has a right to come in and take the machines. It seems to me that, even if we accept the debtor's statement, it is still probable that the debtor has some property in the machines, and under such circumstances a receiver should be appointed.

This order should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes